*In re* OPENING OF GALLAGHER AVENUE.
JOHNSON'S APPEAL.

1. STATUTES—IMPLIED REPEAL.
   Repeals by implication are not favored.
2. SAME—REPEAL—PRESUMPTIONS—INTENT.
   There is no presumption of an intent on the part of the legislature to repeal a law where no reference is made to it in a later act unless the intent is clear.
3. SAME—EMINENT DOMAIN—SUBSEQUENT ACT RELATIVE TO CONDEMNATION PROCEEDINGS FOR LIMITED PURPOSES.
   Act relating to condemnation of private property by State agencies and public corporations for the use and benefit of

the public, not being inconsistent with, was not impliedly repealed by, later act for condemnation of private property for public highway purposes, which included purposes upon which legislature had doubt were public improvements within earlier statute, and which was an attempt to broaden condemnation power, and did not limit the method nor make the latter act exclusive within its scope (1 Comp. Laws 1929, § 3763 *et seq.,* as amended; § 3884 *et seq.,* as amended).

4. EMINENT DOMAIN—CONDEMNATION FOR HIGHWAY PURPOSES—STATUTES.

Condemnation proceedings for purpose of laying out and opening of an avenue within the corporate limits of a city were properly brought by board of county road commissioners without the consent of the board of supervisors of its county under act providing for condemnation by public corporations of private property for use by the public notwithstanding a subsequent act provided an alternative proceeding for acquiring land for highways but did not require that such later act be used exclusively for such purpose (1 Comp. Laws 1929, § 3763 *et seq.,* as amended; § 3884 *et seq.,* as amended).

5. STATUTES—TWO ACTS UPON SAME SUBJECT MATTER.

Effect should be given to each of two acts upon the same subject matter, if, by reasonable construction, it may be so done.

6. EMINENT DOMAIN—STATUTES.

Condemnation of private property for public use under one statute rather than another is not unconstitutional where just compensation is provided for.

7. STATUTES—CONDEMNATION OF LAND FOR HIGHWAY PURPOSES WITHIN CITIES.

Fact that one statute relative to condemnation of private property for public purposes was amended by an act passed prior to a new act for condemning private property for highway purposes but which amendatory act did not become effective until after the other act would be evidence that the legislature intended both should be available to boards of county road commissioners seeking condemnation of lands in cities for highway purposes (1 Comp. Laws 1929, § 3763 *et seq.,* as amended; § 3884 *et seq.,* as amended).

Appeal from Wayne; Webster (Arthur), J. Submitted October 7, 1941. (Docket No. 1, Calendar No. 41,734.) Decided January 5, 1942.

In the matter of the opening of Gallagher Avenue in the City of Hamtramck. From denial of motion to dismiss, George A. Johnson appeals. Affirmed.

*Harold Goodman,* for appellant.

*John C. Jacoby* (*Elmer G. Rice,* of counsel), for appellee, Wayne County Board of Road Commissioners.

CHANDLER, C. J.    The board of county road commissioners of the county of Wayne filed a petition to condemn land in the city of Hamtramck for the opening of Gallagher avenue. The street as opened would occupy a portion of appellant's dairy plant property. The petition was predicated upon Act No. 149, Pub. Acts 1911, as amended (1 Comp. Laws 1929, § 3763 *et seq.* [Comp. Laws Supp. 1940, § 3763 *et seq.,* Stat. Ann. 1941 Cum. Supp. § 8.11 *et seq.*]), an act providing for the condemnation of land by State agencies and public corporations.

The appellant Johnson moved to dismiss the petition upon the grounds that in conformity with Act No. 352, Pub. Acts 1925, as amended (1 Comp. Laws 1929, § 3884 *et seq.* [Comp. Laws Supp. 1940, § 3884 *et seq.,* Stat. Ann. 1941 Cum. Supp. § 8.171 *et seq.*]), the authority of the board to acquire lands for highway purposes was dependent upon the approval of the board of supervisors, and that the act further provided an exclusive procedure for condemnation by the board of supervisors for highway purposes. From the denial of this motion, appellant was allowed leave to appeal in the nature of certiorari.

Appellant does not question that the procedure required by Act No. 149 was followed, but contends that this act was qualified and impliedly repealed by Act No. 352. Act No. 149, Pub. Acts 1911, as

amended by Act No. 235, Pub. Acts 1937, is not impliedly repealed by Act No. 352, Pub. Acts 1925, as amended by Act No. 237, Pub. Acts 1937. Repeals by implication are not favored; there is no presumption of an intention on the part of the legislature to repeal a law where no reference is made to it in a later act, unless the intent is clear. *Hopkins* v. *Sanders,* 172 Mich. 227, 235; *City of Detroit* v. *Weil,* 180 Mich. 593; *Saginaw City Council* v. *Saginaw Board of Estimates,* 256 Mich. 624; *Sambor* v. *Home Owners' Loan Corp.,* 283 Mich. 529.

The acts are not inconsistent, as Act No. 149, Pub. Acts 1911, as amended, provides for the taking of private property for a "public improvement" where "necessary" for the "use or benefit of the public," while Act No. 352, Pub. Acts 1925, as amended, is entitled "An act to provide for the purchase and condemnation of private property for public highway purposes" and includes purposes upon which the legislature manifestly had doubt that these were public improvements within the first statute, and quite apparently the latter statute was an attempt to broaden condemnation power and not to limit the method nor make the latter act exclusive within its scope.

Act No. 352, Pub. Acts 1925, does not set forth an exclusive procedure to be used by the board of county road commissioners in condemnation for highway purposes. A very similar and quite analogous question arose as to the exclusiveness of the condemnation provisions under the county road law, specifically, Act No. 283, chap. 4, § 11, Pub. Acts 1909, as amended (1 Comp. Laws 1929, § 3986 [Stat Ann. § 9.111]), as opposed to the general condemnation statutes, Act No. 124, Pub. Acts 1883, as amended (1 Comp. Laws 1929, § 3784 *et seq.* [Stat. Ann. § 8.41 *et seq.*]), in *Re Widening of Woodward*

*Avenue,* 297 Mich. 235, where we held that the later act, the county road law, provided an optional privilege granted to cities and villages in condemning private property for public use and is not mandatory as to the use of any other procedure. The above ruling and reasoning is applicable here.

Effect should be given to each of two acts upon the same subject matter, if, by reasonable construction, it may be so done. *Rorabacher* v. *Nichols,* 165 Mich. 127. Condemnation under one act rather than another is not unconstitutional where just compensation is provided for. *Fitzsimons & Galvin, Inc.,* v. *Rogers,* 243 Mich. 649; *Dohany* v. *Rogers,* 281 U. S. 362 (50 Sup. Ct. 299, 74 L. Ed. 904, 68 A. L. R. 434).

Further, as bearing on the intent of the legislature, it is significant that at the very session when Act No. 352, Pub. Acts 1925, was passed, the section of Act No. 149, Pub. Acts 1911, dealing with public corporations was amended (see Act No. 37, Pub. Acts 1925). While Act No. 37 was passed before Act No. 352, it did not go into effect until afterwards. In so dealing with both acts at the same session, it is quite evident that the intent of the legislature was that both should be available to road commissioners seeking condemnation of lands in cities for highway purposes.

The order of the trial court denying the motion to dismiss is affirmed, with costs to appellee.

BOYLES, NORTH, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.