CITY OF LUNA PIER v LAKE ERIE LANDOWNERS

Docket No. 102245. Submitted October 13, 1988, at Detroit. Decided March 6, 1989. Leave to appeal applied for.

The City of Luna Pier brought an action in Monroe Circuit Court against several owners of land abutting Lake Erie in Luna Pier, including Clyde Craig and Harry Ewell. Invoking its police powers, plaintiff sought to enter defendants' properties to undertake flood control measures necessitated by the risk of imminent flooding due to the high water level of Lake Erie. All defendants except for Craig and Ewell consented to a judgment granting plaintiff's requested relief. Ewell and Craig appealed, claiming that the taking of their properties constituted inverse condemnation and that plaintiff's action therefore should have complied with the requirements of the Uniform Condemnation Procedures Act. The Court of Appeals, in an unpublished opinion per curiam decided January 29, 1987 (Docket No. 86990), held that plaintiff had improperly brought its action under the guise of an exercise of its police powers and remanded the case for further proceedings consistent with the UCPA. On remand, the trial court, Daniel L. Sullivan, J., denied a motion by Craig and Ewell for attorney fees under the UCPA. Craig and Ewell appealed.

The Court of Appeals held:

All actions for the acquisition of property by a governmental agency under its powers of eminent domain are governed by the UCPA, which provides that a condemnee is entitled to reimbursement of its attorney fees and costs if the acquisition by the condemnor is improper. Here, where the Court of Appeals has held in its prior opinion that plaintiff's acquisition was improper, Craig and Ewell may be entitled to compensation for the taking of their properties, which compensation may include attorney fees and costs. On remand, the trial court is to determine proper compensation due Craig and Ewell.

Reversed and remanded.

REFERENCES

Am Jur 2d, Eminent Domain §§ 465, 467, 473, 476.

Attorney's fees as within statute imposing upon condemnor liability for "expenses," "costs," and the like. 26 ALR2d 1295.

1. EMINENT DOMAIN — UNIFORM CONDEMNATION PROCEDURES ACT.

    All actions for the acquisition of property by a governmental agency under its power of eminent domain are governed by the Uniform Condemnation Procedures Act (MCL 213.75[1]; MSA 8.265[25][1]).

2. EMINENT DOMAIN — UNIFORM CONDEMNATION PROCEDURES ACT — ATTORNEY FEES.

    A condemnee is entitled to reimbursement of its attorney fees and costs if the acquisition of its property by the condemnor pursuant to the Uniform Condemnation Procedures Act is found to be improper by a trial court (MCL 213.66[2]; MSA 8.265[16][2]).

*Braunlich, Russow & Braunlich, P.C.* (by *William J. Braunlich, Jr.*), for City of Luna Pier.

*Krawetz & Spiros* (by *Stanley M. Krawetz*), for defendant Harry Ewell.

*Leslie J. Nearpass,* for defendant Clyde Craig.

Before: WEAVER, P.J., and MAHER and C. W. SIMON, JR.,* JJ.

C. W. SIMON, JR., J. Defendants Clyde Craig and Harvey Ewell appeal as of right from the lower court order denying their motion for attorney fees under the Uniform Condemnation Procedures Act. We reverse.

Plaintiff, City of Luna Pier, is partially located on Lake Erie. In March of 1985, in response to unprecedented high water levels and spring storm conditions which created an imminent risk of flooding, plaintiff entered onto defendants' property to construct and maintain increased flood control protection. Plaintiff filed a complaint on August 5, 1985, seeking the right to take this action. While reference was made in the complaint to the Uniform Condemnation Procedures Act

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

(ucpa), MCL 213.51 *et seq.*; MSA 8.265(1) *et seq.,* the basis of plaintiff's request for relief was its police powers.

The trial court granted plaintiff its requested relief, and all defendants except for Ewell and Craig consented to the judgment on certain settlement terms. Ewell and Craig appealed to this Court on grounds that the lower court proceedings did not conform to the ucpa. In an unpublished opinion per curiam decided January 29, 1987 (Docket No. 86990), this Court held that plaintiff's taking Ewell's property was an inverse condemnation, and remanded for determination of appropriate compensation. Plaintiff had abandoned its request for entry onto Craig's property, therefore his appeal was moot.

Ewell and Craig now assert that the trial court erred by denying their motion for an award of attorney fees under the ucpa. We agree.

Attorney fees may not be awarded in a condemnation action unless specifically authorized by statute or court rule. *Canton Twp v Kaufman,* 87 Mich App 719, 720; 276 NW2d 505 (1979), lv den 408 Mich 858 (1980). In a condemnation proceeding under the ucpa, the award of attorney fees is authorized by MCL 213.66(3); MSA 8.265(16)(3), which provides:

> If the amount finally determined to be just compensation for the property acquired exceeds the amount of the written offer as defined in section 5, the court shall order reimbursement in whole or in part to the owner by the agency of the owner's reasonable attorney's fees, but not in excess of ⅓ of the amount by which the ultimate award exceeds the agency's written offer as defined by section 5. The reasonableness of the owner's attorney's fees shall be determined by the court.

Our threshold question is whether this provision applies to the instant action since it was an inverse condemnation rather than an action initiated under the UCPA. The UCPA provides that "all actions for the acquisition of property by an agency under the power of eminent domain shall be . . . governed by this act." MCL 213.75(1); MSA 8.265(25)(1). Although plaintiff's complaint purported to exercise its police powers, this Court in its prior opinion regarding this cause ruled that plaintiff's action was an inverse condemnation pursuant to its powers of eminent domain. Under the clear language of the UCPA, it applies to the instant action, since plaintiff was an agency seeking to acquire property pursuant to its powers of eminent domain.

We are mindful of our decision in *Lim v Dep't of Transportation*, 167 Mich App 751; 423 NW2d 343 (1988), wherein we held that the UCPA has no application to inverse condemnation actions initiated by aggrieved property owners. *Id.,* p 755. However, because the instant inverse condemnation action was initiated by plaintiff, a government agency, the provisions of the UCPA apply.

Accordingly, the attorney fee provisions of the UCPA applied to the instant action, and defendants are entitled to reimbursement of their attorney fees and costs if the acquisition by plaintiff was improper. MCL 213.66(2); MSA 8.265(16)(2). In the order appealed from, the lower court held that plaintiff's acquisition was not improper, and that therefore defendants were not entitled to attorney fees. The trial court also ruled that the defendants waived any right to attorney fees under MCR 7.219(B) by failing to file a bill of costs within twenty-eight days of the prior opinion of this Court in this cause. This holding is erroneous, and the result of a misinterpretation of our prior holding.

In *Escanaba & L S R Co v Keweenaw Land Ass'n, Ltd,* 156 Mich App 804; 402 NW2d 505 (1986), a panel of this Court held that a finding that the condemnation proceedings were procedurally defective is per se a finding that the proposed acquisition is improper. *Id.,* pp 812-813. In our prior opinion in this cause, we held that plaintiff had improperly brought its condemnation proceedings under the guise of an exercise of its police powers, and remanded for further proceedings consistent with the procedures of the UCPA. Though plaintiff found itself in a very difficult situation, its attempt to circumvent the laws of this state was improper. Therefore we remanded to the lower court to properly determine the compensation due to defendants.

The lower court order is reversed, and this matter remanded to the lower court with directions to determine proper compensation due to defendants for plaintiff's taking, which shall include attorney fees and costs. We note that defendant Craig may have sustained no loss from the taking, plaintiff having abandoned its attempt to acquire entry onto his property. However, defendant Craig shall be entitled to attorney fees under the UCPA, incurred in his defense of plaintiff's improper action.

Reversed and remanded.