CITY OF KALAMAZOO v KTS INDUSTRIES, INC

Docket No. 251199. Submitted March 9, 2004, at Lansing. Decided July 8, 2004, at 9:10 A.M.

The city of Kalamazoo brought a condemnation action in the Kalamazoo Circuit Court seeking to acquire properties owned by KTS Industries, Inc., and others. Contemporaneously with their answer to the complaint for condemnation, in which the defendants contested the existence of a public purpose and necessity, the defendants also filed a motion for review of necessity with regard to the plaintiff's proposed taking and requested a jury trial on the issue of necessity. The plaintiff filed a motion to strike the jury demand on the basis that the Uniform Condemnation Procedures Act (UCPA), MCL 213.51 *et seq.*, limited the resolution of the issue of necessity to review by the court. The defendants responded that the condemnation by state agencies and public corporations act (CSAPCA), MCL 213.25, specifically authorized a jury determination. The court, Richard R. Lamb, J., determined that Const 1963, art 10, § 2 did not mandate that a jury determine the issue of necessity. However, by that provision setting forth that condemnation procedures may be provided by law, the Legislature through MCL 213.25 of the CSAPCA specifically authorized a jury to determine the necessity for a taking. The court denied the plaintiff's motion and a subsequent motion for reconsideration. The plaintiff appealed by leave granted.

The Court of Appeals *held*:

1. MCL 213.21 to MCL 213.23 of the CSAPCA enable a city to condemn private property for a public purpose. MCL 215.25 of the CSAPCA sets forth the procedure for a city to petition for condemnation and it specifically requires a city to request that a jury be impaneled to ascertain whether it is necessary to take private property and whether a proposed public improvement is necessary. In contrast, the UCPA sets forth the procedure for condemnation actions and states specifically that all condemnation actions shall be commenced pursuant to and be governed by the UCPA. MCL 213.75. The UCPA is, therefore, merely a procedural statute. Further, the UCPA clearly makes it the city's responsibility, as a public agency, to determine necessity in the first instance, and then

authorizes only a court to review a property owner's motion for review—that determination being a final judgment. MCL 213.56(2) and (5). With regard to the determination whether a court or a jury decides the issue of necessity, the UCPA takes precedence. MCL 213.25 of the CSAPCA is not more specific than the UCPA, and the term "court" in MCL 213.56 of the UCPA cannot be construed to mean either a trial judge or a jury. The Legislature's use of the term "motion," MCL 213.56(5), specifically expresses its intention that a court review an agency's necessity determination, and only a court may invalidate the agency's necessity determination on the basis of a showing of an error at law. MCL 213.56(2).

2. The UCPA repealed by implication MCL 213.25 of the CSAPCA because there is no reasonable construction that can be given to harmonize the statutes. The UCPA requires a court to review the issue of necessity. The statutes cannot be read in pari materia. Moreover, the Legislature clearly intended the UCPA to occupy the entire field of procedure related to the determination of the issue of necessity because a public agency makes the initial determination to condemn and only a trial judge is authorized to review that decision. MCL 213.56(2) and (5).

Reversed.

EMINENT DOMAIN — NECESSITY — UNIFORM CONDEMNATION PROCEDURES ACT — CONDEMNATION BY STATE AGENCIES AND PUBLIC CORPORATIONS ACT.

The Uniform Condemnation Procedures Act repealed by implication a provision in the condemnation by state agencies and public corporations act that permitted a jury to decide the issue of the necessity for a condemnation of private property; under the uniform act, the initial determination of necessity is made by the city or public corporation, and only a judge is authorized to review the initial determination of necessity (MCL 213.56[2] and [5], 213.25).

*Robert H. Cinabro*, City Attorney, and *Randall S. Schau*, Assistant City Attorney, for the plaintiff.

*Miller, Johnson, Snell & Cummiskey, P.L.C.* (by *Craig H. Lubben*), for KTS Industries, Inc., Riverside Foundry and Galvanizing Company, and Riverside Foundry Company.

Amicus Curiae:

*Monaghan, LoPrete, McDonald, Yakima, Grenke & McCarthy* (by *Boris K. Yakima*) for Michigan Municipal League.

Before: JANSEN, P.J., and MARKEY and GAGE, JJ.

GAGE, J. Plaintiff appeals by leave granted the trial court order denying plaintiff's motion to strike defendants' jury demand regarding the issue of necessity in this condemnation action. We reverse.

The dispute at issue requires this Court to analyze the procedural aspects of a condemnation case to determine whether a property owner is entitled to a jury trial concerning the necessity of the condemnation. This controversy should have been relatively easy to resolve since condemnation statutes are usually specific in nature. However, in this case, we are faced with two conflicting statutes, one that provides for a jury trial concerning the issue of necessity and one that does not.

I. FACTUAL BACKGROUND

On May 16, 2003, plaintiff filed the present condemnation action seeking to acquire title to and possession of certain properties owned by defendants. In its complaint, plaintiff asserted, among other things, that condemnation of the properties served a public purpose and was necessary for "the elimination of blight and contamination; the increasing of employment and the City's tax base; and, as it relates to both KTS land as well as the land in the immediate area, the improvement of the City's image, the development of vacant land, and the redevelopment of under-utilized land." Plaintiff also asserted that the parties had been unable to agree on the amount of compensation that was just

for plaintiff's purchase of the lands, and requested the court to determine just compensation.

In their answer filed on June 6, 2003, defendants denied that either a public purpose or necessity existed by which plaintiff could acquire the lands, and they asserted that the court did not need to determine just compensation unless plaintiff could establish a public purpose or necessity. Contemporaneous with their answer, defendants filed a motion for review of the necessity of plaintiff's proposed taking, in which they denied plaintiff's assertions that their lands were underutilized, blighted, or environmentally contaminated, and also denied that either a public purpose or necessity existed for the condemnation of their lands. Defendants also requested "a trial by jury on all issues so triable in this case."

On June 23, 2003, plaintiff filed a motion to strike defendants' jury demand regarding the issues whether a public purpose and necessity existed. Plaintiff asserted that the 1963 Constitution, unlike the 1908 Constitution, does not guarantee the right to have a jury determine the issue of necessity, but states only that property must be secured as provided by law. Plaintiff thereafter asserted that under the Uniform Condemnation Procedures Act (UCPA), 1980 PA 87, codified at MCL 213.51 *et seq.*, the issue whether a governmental agency has shown that the acquisition of the property is necessary is to be resolved by the court rather than by a jury. Plaintiff further asserted that in all of the cases decided after the enactment of the 1963 Constitution, the trial judge, not a jury, had determined the issue of necessity.

Defendants responded that the condemnation by state agencies and public corporations act (CSAPCA), 1911 PA 149, codified at MCL 213.21 through MCL

213.25, confers upon a city the power to condemn property, and MCL 213.25 provides that the issue of necessity is to be determined by a jury. Defendants further asserted that SJI2d 90.01 recognizes that the issue of necessity is to be determined by a jury.[1] Defendants contended that the deletion of the reference to a jury trial in Const 1963, art 10, § 2 did not remove the right to a jury determination, but merely vested the determination of the proper procedure for condemnation actions in the Legislature, which, although no longer compelled to do so as it had been under the 1908 Constitution, voluntarily provided the right to a jury determination on the issue of necessity in MCL 213.25. In addition, defendants contended that plaintiff's assertion that the UCPA does not state that there is a right to a jury determination on the issue of necessity and, therefore, the Legislature did not intend to provide one is without merit because the UCPA does not grant the power of eminent domain to a city but is merely a procedural statute. Therefore, defendants asserted that because MCL 213.21 through MCL 213.25 specifically confer the power of eminent domain on a city and provide that necessity shall be determined by a jury, the procedural UCPA cannot be construed to take away the right to a jury determination. Instead, defendants asserted that MCL 213.25 of the CSAPCA and the UCPA can be construed harmoniously to mean that, in the case of a city, the issue of necessity is one for the jury because the UCPA does not preclude a jury determination but,

---

[1] SJI2d 90.01 states in pertinent part that where necessity for the taking is an issue in the case, the court should read the following instruction:

By your verdict, you will decide the disputed issues of fact, which in this case concern the necessity for the project and the just compensation to be paid to the owner for the property taken.

rather, simply does not provide for one. Finally, defendants contended that plaintiff's assertion that case law demonstrates that only judges have decided the issue of necessity is without merit, as the cases cited by plaintiff do not discuss whether the right to a jury trial exists, and because there is no indication that a jury demand was made in any of the cases.

At the hearing on the motion, plaintiff again asserted that the UCPA is inconsistent with MCL 213.25 of the CSAPCA, and contended that the UCPA is comprehensive in providing for all the procedures to be followed by a city when exercising the right of eminent domain. In response, defendants asserted that the UCPA does not state that the issue of necessity is to be determined by a judge, instead it provides for the determination of just compensation by a jury and is silent regarding whether a jury is to determine the issues of necessity and public purpose. Defendants further asserted that because the CSAPCA applies specifically to cities, it controls over the nonspecific UCPA under the principles of statutory construction. Moreover, defendants asserted that the Legislature had not explicitly revoked the CSAPCA in its enactment of the UCPA, and that revocation cannot be inferred or implied unless there is a clear irreconcilable conflict between the two, which does not exist in the present case.

Following the hearing, the trial court determined that the Michigan Constitution of 1963 does not mandate that the issue of necessity be determined by a jury, but that it provides that the procedures for condemnation actions may be provided by law, and that the Legislature, in the CSAPCA, had specifically stated that a jury is to determine both just compensation and necessity. Moreover, the court focused on SJI2d 90.01, which recognized that the issue of necessity is to be determined by a jury. The court thereafter stated:

> So you have the constitutional convention putting into the constitution the direction to the legislature to provide by law how these actions are going to be determined. You have two sets of statutes. You have a specific statute stating that necessity is an issue for a jury, and then you have a jury instruction following the statute. It seems to me all that's pretty clear.
>
> An individual who claims a right to trial by jury on all issues joined in this type of an action where necessity is an issue is entitled by statute to a jury trial on the issue of necessity.

Plaintiff thereafter filed a motion for reconsideration, which the trial court denied. Plaintiff now appeals on the same grounds as argued before the trial court.

## II. STANDARD OF REVIEW

This Court reviews de novo issues of statutory and constitutional interpretation. *Attorney General v Michigan Pub Service Comm*, 249 Mich App 424, 434; 642 NW2d 691 (2002), citing *Oakland Co Bd of Co Rd Comm'rs v Michigan Prop & Casualty Guaranty Ass'n*, 456 Mich 590, 610; 575 NW2d 751 (1998); *Reynolds v Bureau of State Lottery*, 240 Mich App 84, 86; 610 NW2d 597 (2000).

## III. ANALYSIS

### A. THE CSAPCA VS. THE UCPA

The parties dispute whether defendants are entitled to have a jury determine whether plaintiff's condemnation of defendants' properties is necessary. Michigan's Constitution of 1908 made reference to some circumstances in which a jury would make the determination of necessity, stating: "When private property is taken for the use or benefit of the public, the necessity for

using such property and the just compensation to be made therefore, except when made by the state, shall be ascertained by a jury of twelve freeholders . . . , or by not less than three commissioners appointed by a court of record, as shall be prescribed by law. . . ." Const 1908, art 13, § 2. Michigan's Constitution of 1963, however, does not contain any reference to a jury determining the issue of necessity, stating: "Private property shall not be taken for public use without just compensation therefor being first made or secured in a manner prescribed by law. Compensation shall be determined in proceedings in a court of record." Const 1963, art 10, § 2. So, in addition to no longer making any reference to the fact that necessity must be determined before eminent domain may be exercised, the plain language of the 1963 Constitution makes no reference to a determination of necessity by a jury. Instead, by its plain language, the 1963 Constitution requires only that just compensation be made or secured in a manner defined by the Legislature.

The Supreme Court has recognized that "a municipality has no inherent power to condemn property" and, therefore, "the power of eminent domain must be specifically conferred upon the municipality by statute or the constitution, or by necessary implication from delegated authority." *City of Lansing v Edward Rose Realty, Inc*, 442 Mich 626, 631-632; 502 NW2d 638 (1993). In this case, plaintiff is enabled to condemn private property for public use by MCL 213.21 and MCL 213.23, which are part of the CSAPCA. MCL 213.23 provides in part:

> Any public corporation or state agency is authorized to take private property necessary for a public improvement or for the purposes of its incorporation or for public purposes within the scope of its powers for the use or

benefit of the public and to institute and prosecute pro-
ceedings for that purpose. . . .

MCL 213.21 provides that the term "public corpora-
tions" includes cities. See also *Edward Rose Realty*,
*supra* at 632-633. Accordingly, in this case, plaintiff is
authorized to condemn property within the scope of the
powers conferred on it by the CSAPCA. *Id.* at 633.

In addition to granting cities the power of eminent
domain, the CSAPCA also sets forth the procedures by
which they may condemn property. Specifically, MCL
213.25 provides that a city must file a petition with a
court having jurisdiction that must include, among
other things, a request "that a jury be summoned and
impaneled to ascertain and determine whether it is
necessary to make such public improvement or fulfill
such purpose and whether it is necessary to take such
property as it is proposed to do for the use or benefit of
the public, and to ascertain and determine the just
compensation to be made therefor." Accordingly, under
the plain language of MCL 213.25, the property owner
has a statutory right to have a jury determine whether
the city's proposed project is necessary and whether it is
necessary to condemn the landowner's property for that
project.

However, the UCPA applies to the procedural aspects
of a condemnation action. MCL 213.75 of the UCPA
states "[a]ll actions for the acquisition of property by an
agency under the power of eminent domain shall be
commenced pursuant to and governed by this act. . . ."
The act applies to condemnation proceedings instituted
by both public and private agencies, and defines a public
agency as "a governmental unit, officer, or subdivision
authorized by law to condemn property." MCL
213.51(j). Here, plaintiff, as a city, qualifies as such an
agency. See *Edward Rose Realty*, *supra* at 632-633;

*Luna Pier v Lake Erie Landowners*, 175 Mich App 430, 433; 438 NW2d 636 (1989).

Unlike the CSAPCA, the UCPA "does not confer the power of eminent domain" on a city, but rather "provides standards for the acquisition of property by an agency, the conduct of condemnation actions, and the determination of just compensation. . . ." MCL 213.52(1). Thus, the UCPA is merely a procedural statute, *Edward Rose Realty, supra* at 632; *Novi v Robert Adell Children's Funded Trust*, 253 Mich App 330, 336; 659 NW2d 615 (2002), and "in order to employ the procedures of the UCPA, a city must be authorized to exercise its power of eminent domain by a statutory or constitutional delegation of such power." *Edward Rose Realty, supra* at 632. Here, plaintiff is so authorized by MCL 213.23 of the CSAPCA.

With respect to the procedures to be followed in condemnation actions set forth in the UCPA, MCL 213.56 states in pertinent part:

> (1) Within the time prescribed to responsively plead after service of a complaint, an owner of the property desiring to challenge the necessity of acquisition of all or part of the property for the purposes stated in the complaint may file a motion in the pending action asking that necessity be reviewed. The hearing shall be held within 30 days after the filing of the motion.

> (2) With respect to an acquisition by a public agency, the determination of public necessity by that agency is binding on the court in the absence of a showing of fraud, error of law, or abuse of discretion.

> \* \* \*

> (4) The court shall render a decision within 60 days after the date on which the hearing is first scheduled.

> (5) The court's determination of a motion to review necessity is a final judgment.

* * *

> (7) If a motion to review necessity is not filed as provided in this section, necessity shall be conclusively presumed to exist and the right to have necessity reviewed or further considered is waived.

Defendants assert that MCL 213.25 is more specific than the UCPA with regard to its provision providing for a jury determination of the issue of necessity. Defendants further contend that the phrase "the court" in MCL 213.56 could be construed to also mean a decision by a jury rather than only by the trial judge and, thus, that the statutes can be read harmoniously. According to defendants, they are entitled to a jury determination of the issue of necessity. We find that defendants' arguments are without merit.

The primary purpose of statutory construction is to discern and give effect to the intention of the Legislature, and "it is important to ensure that words in a statute not be ignored, treated as surplusage, or rendered nugatory." *Robertson v DaimlerChrysler Corp*, 465 Mich 732, 748; 641 NW2d 567 (2002) (citations omitted). Moreover, unless they are defined in the statute, every word or phrase therein is to be construed according to its plain and ordinary meaning. *Id.*, citing MCL 8.3a; *Western Mich Univ Bd of Control v Michigan*, 455 Mich 531, 539; 565 NW2d 828 (1997). "[B]ut technical words and phrases, and such as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning." MCL 8.3a.

Keeping the above principles in mind, we are not convinced that MCL 213.25 is more specific than the UCPA, or that the term "the court" in MCL 213.56 can be construed to mean either the trial judge or a jury. The UCPA clearly requires that the issue of necessity be

determined by a public agency and that the determination of necessity by the public agency be reviewed by the trial court. The Legislature's use of the term "motion" specifically expresses its intention that, under MCL 213.56, the issue of necessity is to be determined by the trial judge. One of the limited reasons for which an agency's determination of necessity may be held invalid is a showing of an error of law. MCL 213.56(2). It is the "exclusive responsibility of the trial judge to find and interpret the applicable law." *People v Drossart*, 99 Mich App 66, 76; 297 NW2d 863 (1980). Thus, the Legislature's recognition of an error of law as one of the limited reasons for which a property owner may seek review of the agency's determination of necessity confirms that the Legislature intended for the trial court judge, rather than a jury, to review the agency's initial determination. Moreover, the fact that the court's determination of a motion to review necessity is a "final judgment" further confirms that a trial judge, not a jury, is to review the necessity determination. Accordingly, we reject defendants' contention that the CSAPCA is more specific and that the UCPA is silent with regard to whether a jury is to determine the issue of necessity. We find the UCPA clearly does not allow for a jury determination of the issue of necessity, but instead provides for a trial judge to review a determination of necessity.

"It is a well-known principle that the Legislature is presumed to be aware of, and thus to have considered the effect on, all existing statutes when enacting new laws." *Walen v Dep't of Corrections*, 443 Mich 240, 248; 505 NW2d 519 (1993), citing *Malcolm v East Detroit*, 437 Mich 132, 139; 468 NW2d 479 (1991). Moreover, as a general rule, a more recently enacted statute takes precedence over an earlier one, especially if the more recent one is also more specific. *Slater v Ann Arbor Pub*

*Schools Bd of Ed*, 250 Mich App 419, 435; 648 NW2d
205 (2002), citing *People v Ellis*, 224 Mich App 752, 756;
569 NW2d 917 (1997). While we do not find that MCL
213.56 of the UCPA is more specific than MCL 213.25 of
the CSAPCA, we find that the UCPA takes precedence over
MCL 213.25 with regard to the determination of neces-
sity.[2]

### B. EXPRESS REPEAL

While the current UCPA does not refer to the CSAPCA,
the UCPA as originally enacted in 1980 specifically ref-
erenced the CSAPCA. Specifically, the original version of
MCL 213.75 of the UCPA stated that it was to govern all
actions to acquire property, subject to certain excep-
tions. Two of these exceptions explicitly referred to the
CSAPCA. The first stated, in part, that actions to con-
demn property under the CSAPCA "may be commenced
pursuant to and be governed by this act, effective May
1, 1980." The second exception stated that actions to
condemn property under its grant of the power of
eminent domain "shall be commenced pursuant to and
governed by this act, effective April 1, 1983." MCL
213.75(1), (2), and (3), before being amended by 1996
PA 474.

Review of the provisions of the CSAPCA that were
repealed by 1980 PA 87 reveals that many of them set

---

[2] We note that one of the reasons stated by the trial court for finding
that MCL 213.25 specifically provided for the issue of necessity to be
resolved by a jury was because that is stated in SJI2d 90.01. However, it
is firmly rooted that "[j]ury instructions do not establish substantive
law," but merely exist to assist the jury, and the trial court is responsible
for determining whether the law stated within such instructions is
correct. *In re Condemnation of Private Prop*, 211 Mich App 688, 692; 536
NW2d 598 (1995), citing *Scalabrino v Grand Trunk W R Co*, 135 Mich
App 758, 763; 356 NW2d 258 (1984). Accordingly, the trial court erred in
specifically relying on SJI2d 90.01 for its decision.

forth the procedures by which juries were impaneled, determined the issue of necessity and public use, were allowed to view exhibits, and by which the court could set aside their verdict. MCL 213.28 through MCL 213.32, repealed by 1980 PA 87. However, despite explicitly repealing these provisions, the Legislature did not explicitly repeal MCL 213.25.

Taking the above into consideration and reviewing the prior version of MCL 213.75, it seems that the Legislature intended for the UCPA to eventually explicitly repeal MCL 213.25 of the CSAPCA. Specifically, it appears that the Legislature intended for the UCPA to repeal MCL 213.25 effective April 1, 1983, but left MCL 213.25 in place because it allowed governmental units, at their option, to follow the procedures therein for the three-year period between May 1, 1980, and April 1, 1983. However, it also appears that when the Legislature amended MCL 213.75 in 1996 to govern the procedures in all actions to acquire property under the power of eminent domain, it inadvertently forgot to repeal MCL 213.25 of the CSAPCA at the same time. Thus, while there is no express language repealing MCL 213.25, we can find no explanation for the conflict but that the Legislature forgot to repeal MCL 213.25.

### C. REPEAL BY IMPLICATION

The Supreme Court has stated that it is axiomatic that repeals by implication are disfavored, and that it is to be presumed in most circumstances "that if the Legislature had intended to repeal a statute or statutory provision, it would have done so explicitly." *Wayne Co Prosecutor v Dep't of Corrections*, 451 Mich 569, 576; 548 NW2d 900 (1996), citing *House Speaker v State Admin Bd*, 441 Mich 547, 562; 495 NW2d 539 (1993). Therefore, repeal by implication will not be found if any

other reasonable construction may be given to the statutes, *Wayne Co Prosecutor, supra* at 576, such as reading in pari materia two statutes that share a common purpose or subject, or as one law, even if the two statutes were enacted on different dates and contain no reference to one another. See *State Treasurer v Schuster*, 456 Mich 408, 417; 572 NW2d 628 (1998), quoting *Detroit v Michigan Bell Tel Co*, 374 Mich 543, 558; 132 NW2d 660 (1965). However, a repeal of a statute may be inferred in two instances: (1) where it is clear that a subsequent legislative act conflicts with a prior act; or (2) when a subsequent act of the Legislature clearly is intended to occupy the entire field covered by a prior enactment. *Donajkowski v Alpena Power Co*, 460 Mich 243, 253; 596 NW2d 574 (1999). While we are extremely hesitant to find a repeal where the Legislature has not expressly provided for one, this case is one of those rare and limited cases where repeal of the statute may be inferred because there is no other reasonable construction to be given to the statutes.

In *In re Opening of Gallagher Ave*, 300 Mich 309; 1 NW2d 553 (1942), in order to build a road, the plaintiff filed a petition to condemn the defendant's property under the CSAPCA, and followed the procedures provided therein. Although the defendant did not deny that the plaintiff had followed those procedures, the defendant moved for a dismissal on the ground that the plaintiff's condemnation action was governed by the procedures set forth in the subsequently enacted 1925 PA 352, which provided the authority to purchase and condemn property for highway purposes. In affirming the trial court's denial of the defendant's motion and holding that 1925 PA 352 had not impliedly repealed the CSAPCA, the Supreme Court reasoned that the two acts were not inconsistent in their purpose, that 1925 PA 352 did not set forth an exclusive procedure by which the plaintiff

could exercise its power of eminent domain, and that the plaintiff's following the condemnation procedures set forth in the CSAPCA, even though less specific than 1925 PA 352, was constitutional so long as just compensation was provided. *Id.* at 311-313.

This case is distinguishable from *Gallagher.* First, the two acts in the present case are not consistent. MCL 213.56 of the UCPA provides that the issue of necessity is to be reviewed by the trial judge, not the jury as provided in MCL 213.25 of the CSAPCA. Second, the purposes of the acts are not the same. The CSAPCA is an enabling act that confers the power of eminent domain on public corporations and state agencies, MCL 213.23, and contains a provision in MCL 213.25 setting forth the procedures by which that power may be exercised. The UCPA, however, is not an enabling act. Rather the purpose of the UCPA is to set forth the procedures by which a public or private agency exercises the right of eminent domain conferred on it by another source such as the CSAPCA. MCL 213.51(j); MCL 213.52(1). Moreover, the UCPA, in addition to being enacted after the CSAPCA, unambiguously states in MCL 213.75 that it sets forth the exclusive procedures to be followed by an agency seeking to condemn property under the power of eminent domain. *Luna Pier, supra* at 433.

As stated, the UCPA clearly is inconsistent with and conflicts with the CSAPCA. The CSAPCA provides that the issue of necessity is to be determined by a jury, whereas the UCPA requires that the issue of necessity be determined by a public agency and that the determination of necessity by the public agency be reviewed by the trial court. MCL 213.25 of the CSAPCA requires that a governmental unit seeking to condemn property request that a jury be empanelled to determine the issue of necessity in each condemnation petition that is filed. Under the

UCPA, however, the governmental unit seeking to condemn the property determines the issue of necessity, which serves as prima facie evidence on the issue and fulfills its initial burden. MCL 213.56(2). Moreover, that determination "is binding on the court in the absence of a showing of fraud, error of law, or abuse of discretion." *Id*. Furthermore, MCL 213.56(1) of the UCPA places the burden of challenging the agency's determination of necessity on the owner of the property sought to be condemned. The owner must file a motion asking the court to review the agency's determination and must come forward with evidence supporting its claim of fraud, error of law, or abuse of discretion. In addition, if the property owner does not file such a motion, MCL 213.56(7) of the UCPA provides that "necessity shall be conclusively presumed to exist and the right to have necessity reviewed or further considered is waived." In light of these conflicts, there is no way in which the UCPA and MCL 213.25 of the CSAPCA can be read in pari materia.

Further, while it cannot be said that the Legislature clearly intended for the UCPA to occupy the entire field covered by the CSAPCA, we find that in enacting the UCPA, the Legislature clearly intended it to occupy the entire field of procedure concerning the determination of the issue of necessity. The issue must now be determined by the agency seeking to condemn and it may be reviewed only by the trial judge. MCL 213.56(2) and (5). We agree that the fact that the public act that effectuated the UCPA, 1980 PA 87, only repealed a portion of the CSAPCA, limited to the former provisions found at MCL 213.26 through MCL 213.41, confirms that the Legislature did not intend for the UCPA to occupy the entire field occupied by the CSAPCA. However, we note that one of the provisions that was repealed by 1980 PA 87, MCL 213.30, reiterated that "[t]he jury shall determine in its

verdict the necessity for the proposed improvement or for the accomplishment of the proposed purpose, and for taking such private property for the use or benefit of the public for the proposed improvement or for the accomplishment of the proposed purpose . . . ." Moreover, a review of the provisions of the CSAPCA that were repealed reveals that many of them set forth the procedures by which juries were impaneled, determined the issue of necessity and public use, were allowed to review exhibits, and by which the court could set aside their verdict. MCL 213.28 through MCL 213.32. But despite explicitly repealing these provisions, the Legislature did not repeal MCL 213.25.

Under different circumstances, this Court would follow the general rule that the Legislature's failure to repeal the statute was intentional. However, in this case, the two statutes cannot reasonably be read together. Thus, under these circumstances, it can be said that the UCPA was clearly intended to occupy the entire field of procedure related to the determination of the issue of necessity.

### IV. CONCLUSION

In sum, the UCPA provides that the trial judge is to review whether condemning a defendant's property is necessary. The UCPA supersedes MCL 213.25 of the CSAPCA, at least with regard to the procedural issue of the determination of necessity, because it was enacted after the CSAPCA, is inconsistent with the CSAPCA, and provides that its procedures for exercising the power of eminent domain are exclusive. Moreover, while the UCPA did not implicitly repeal the entire CSAPCA, it did implicitly repeal MCL 213.25 with respect to the procedural issue of the determination of necessity. Accordingly, the UCPA governs the procedures an agency must follow

when exercising the power of eminent domain conferred on it by MCL 213.21 and MCL 213.23 of the CSAPCA and, thus, the trial court erred in denying plaintiff's motion to strike defendants' jury demand as to the issue of necessity.

Reversed. We do not retain jurisdiction.