NICHOLAS v CLINTON COUNTY BOARD OF COMMISSIONERS

1. ZONING—TOWNSHIP—COUNTY—AGREEMENT—VALIDITY.

An agreement between a charter township and a county which provides that the county will administer the county zoning ordinance within the township limits is valid and binding (MCLA 42.18).

2. ZONING—TOWNSHIP—COUNTY—TOWNSHIP PLANNING COMMISSION—SUPERSESSION OF PRIOR AGREEMENT.

A resolution by a charter township creating a township planning commission does not act to supersede the authority of a county to administer the county zoning ordinance within the township according to a prior agreement between the township and county where the planning commission created has not prepared a basic plan for zoning in accordance with statutory provisions (MCLA 125.321 *et seq.*).

3. APPEAL AND ERROR—RELIEF.

An appellate court will not grant relief where nothing can be accomplished thereby.

Appeal from Clinton, Leo W. Corkin, J. Submitted Division 3 October 11, 1972, at Grand Rapids. (Docket No. 13187.) Decided October 26, 1972. Leave to appeal denied, 389 Mich 817.

Complaint by William C. Nicholas against the Clinton County Board of Commissioners for a permanent injunction restraining the board from exercising jurisdiction over zoning matters in the Charter Township of Watertown. Summary judgment for defendant. Plaintiff appeals. Affirmed.

William C. Nicholas, *in propria persona.*

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 58 Am Jur, Zoning § 8.
[3] 58 Am Jur, Zoning § 194.

*Jon Newman,* Prosecuting Attorney, and *William G. Jackson,* Assistant Prosecuting Attorney, for defendant.

Before: HOLBROOK, P. J., and R. B. BURNS and TARGONSKI,* JJ.

HOLBROOK, P. J. Plaintiff is a resident taxpayer of the Charter Township of Clinton County, Michigan. He filed a complaint against the defendant seeking a permanent injunction restraining the defendant County Board of Commissioners from exercising any jurisdiction over zoning matters in the Charter Township of Watertown and seeking a judgment declaring the action of the defendant in rezoning a parcel of land and in issuing a special use permit to the Vector Construction Company to operate a sanitary landfill null and void. From a summary judgment in favor of defendant and a dismissal of his complaint, plaintiff appeals.

Watertown Township became the Charter Township of Watertown on January 1, 1967. On January 9, 1967, the Charter Township of Watertown entered into an agreement with Clinton County wherein it was provided that the county would continue to enforce and administer the county zoning ordinance within the limits of the charter township, for which the charter township agreed to pay the county fees and costs.

On April 10, 1967, the Board of Trustees for the Charter Township of Watertown voted to create a Township Planning Commission pursuant to MCLA 125.321 *et seq.;* MSA 5.2963 (101) *et seq.* However, insofar as the record shows, the Township Planning Commission has not prepared a basic plan for zoning in accordance with that

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

statute, nor has the board of trustees of the charter township enacted a permanent or interim zoning ordinance.

On May 25, 1970, the Township Planning Commission denied a request by the Vector Construction Company to rezone a certain parcel of land within the township for use as a sanitary landfill. This action was approved by the township board on the same day.

The construction company then took its application to the Clinton County Zoning Commission, which rezoned the parcel in question from Zone A, Residential, to Zone D, Agricultural, and granted a special use permit for the operation of a sanitary landfill thereon. On appeal, the defendant county board, on June 15, 1970, reversed the action of the County Zoning Commission. On August 3, 1970, the defendant board reconvened and voted to concur in the action of the County Zoning Commission, whereupon the parcel in question was rezoned and a special use permit for the operation of a sanitary landfill was granted.

The zoning agreement between the county and the charter township is valid and binding, and authorized and empowered the defendant board to rezone the land in question and issue the special use permit to the construction company. MCLA 42.18; MSA 5.46(18). The resolution creating a Township Planning Commission pursuant to MCLA 125.321 *et seq.* did not supervene or nullify the zoning agreement. However, even if we assume *arguendo* that the resolution was effective to nullify the zoning agreement, the parcel of land in question would thereby become unzoned. As such, the construction company would be entitled to use its property as a sanitary landfill pursuant to licensing in accordance with MCLA 325.291 *et*

*seq.;* MSA 14.435(1) *et seq.,* so long as it did not create a public nuisance. *Lansing v Perry,* 216 Mich 23 (1921). Thus, even if the plaintiff were granted the relief for which he prays, and the action of the defendant board was declared null and void, the construction company would still be entitled to operate a sanitary landfill on the parcel of land in question. This Court will not grant relief where nothing can be accomplished thereby.

Affirmed. No costs, a public question being involved.

All concurred.