BENGSTON v DELTA COUNTY

Docket No. 250556. Submitted May 17, 2005, at Marquette. Decided
June 2, 2005, at 9:05 a.m. Leave to appeal sought.

Gary and Annis Bengston brought an action in the Delta Circuit
Court against Delta County and the Delta County Zoning and
Building Department, seeking the court's declaration that the site
of the plaintiff's gas station in Wells Township is zoned for
commercial use under the township's zoning ordinance, not for
residential use under the county's zoning ordinance. The township
sought to create a township planning commission, but had failed to
validly do so. That commission had proposed a zoning ordinance
that the township board had approved, which ordinance had zoned
the subject property for commercial use, after which the gas
station was built pursuant to a township building permit. After a
later referendum to properly create the commission had failed, the
township board had sent a letter asking the county to undertake
zoning responsibilities for the township. The county had desig-
nated the land as residential and refused the plaintiffs permission
to expand their business. The court, Stephen T. Davis, J., after a
trial, granted summary disposition for the defendants, ruling that
public policy requires that the county zoning maps and designa-
tions used within the township for fifteen years should control
over the township zoning ordinance. The plaintiffs appealed.

    The Court of Appeals *held*:

    1. The trial court erred in granting summary disposition for
the defendants because the township zoning ordinance was valid,
having been approved by the township board, so the commercial
zoning under the township ordinance controls over the residential
zoning under the county ordinance designation. That the invalid
planning commission proposed the zoning ordinance does not
invalidate the township board's approval of the township zoning
ordinance, and the township board has not formally repealed the
ordinance. Because the township zoning ordinance is valid, the
plaintiffs' property is zoned for commercial use, not for residential
use as determined by the trial court.

    2. The township zoning ordinance was not repealed by impli-
cation. The letter to the county, issued after the construction of the

gas station, requesting that the township be included in county planning and zoning "as of this date" is reasonably construed as reflecting the intent to leave in place the zoning decisions taken by the township board before that date, including the zoning effected by the passage of the township zoning ordinance.

3. The township referendum that rejected the creation of a township planning commission after the gas station was built cannot be considered to have legally repealed the zoning ordinance previously in existence. The township board has zoning authority granted by MCL 125.271, which authority is not dependent on the existence of a validly constituted planning commission. A township board may transfer its zoning authority to the county in accord with MCL 42.18.

4. In general, public policy precludes challenges to zoning ordinances as having been improperly enacted when the challenges are made long after the ordinances were enacted. However, in this case, the plaintiffs are not challenging the validity of any ordinance because it was improperly enacted; rather they are seeking confirmation of the validity of the township ordinance under which their property was zoned commercial.

Reversed and remanded for entry of a judgment declaring the plaintiffs' property zoned commercial and for further proceedings.

ZONING — TOWNSHIPS — PLANNING COMMISSIONS.

A township board has zoning authority granted by statute, which authority is not dependent on the existence of a validly created planning commission; a zoning ordinance adopted by a township board may not be invalidated on the basis that the ordinance was proposed by an invalidly created planning commission (MCL 125.271; 125.323[1]).

*Frank A. Stupak, Jr.,* for the plaintiffs.

*Cummings, McClorey, Davis & Acho, P.L.C.* (by *Gail P. Massad*), for the defendants.

Before: MURRAY, P.J. and O'CONNELL and DONOFRIO, JJ.

DONOFRIO, J. Plaintiffs appeal as of right an order granting summary disposition to defendants Delta County and Delta County Zoning and Building Depart-

ment.[1] The basic dispute in this case involves the zoning of plaintiffs' property in Wells Township, located in Delta County. Because the township ordinance zoning the property for commercial use is controlling rather than defendants' county ordinance zoning the property for residential use, we reverse the trial court's determination of the zoning classification of the property as R-1, residential, and its dismissal of the plaintiffs' remaining counts as a result of its zoning determination. We remand for entry of a declaratory judgment investing the property with a zoning classification of C-1, commercial, and for further proceedings consistent with this opinion on the balance of plaintiffs' complaint.

FACTS AND PROCEDURAL HISTORY

In 1976, Delta County adopted a county zoning ordinance. It is undisputed that the property at issue was zoned for residential use under this county zoning ordinance. In 1980, the Wells Township Board sought to create a township planning commission, but the township government failed to notify township residents of their right to pursue a referendum on whether to have such a planning commission under MCL 125.323(2). On September 28, 1983, the Wells Township Board adopted a township zoning ordinance and an official zoning map. Under that township zoning ordinance, the property at issue was zoned for commercial use. In accordance with the township zoning ordinance, a building

---

[1] The order is titled as granting summary disposition in favor of defendants, but because the order reflects that it was entered after a trial was conducted pursuant to MCR 2.116(I)(3), and after findings of fact by the trial court, the order is better viewed as a declaratory judgment establishing the zoned property as residential (R-1) and a judgment of no cause of action in favor of defendants on the remaining counts rather than as a grant of summary disposition.

permit was issued, a gas station constructed, and commercial use was established on the property in 1984.

In 1986, the Wells Township Board recognized that the township planning commission was improperly created and passed a new resolution to create a planning commission with appropriate notice to township residents. The township held a referendum, and the electorate voted against the resolution calling for a township planning commission. As a result of the election, the township board requested that Wells Township be included in Delta County planning and zoning as of the date of request. The township board neither repealed its 1983 township zoning ordinance, nor did it decertify its official zoning map. On September 9, 1986, the Delta County Board of Commissioners resolved "that the County undertake zoning responsibilities with regard to Wells Township only from and after this date and that any prior decisions or actions taken under color of law with regard to zoning in Wells Township shall be the sole responsibility of Wells Township and not Delta County." Delta County used the township zoning map for a short while into 1987, and thereafter utilized the county zoning map.

The present controversy originated when plaintiffs contacted defendants and applied for a building permit to expand the business use of their property and were informed that the property was zoned for residential use. After being denied administrative relief, plaintiffs filed suit. In their complaint, plaintiffs asserted they had exhausted their administrative remedies.[2] Plain-

---

[2] Plaintiffs brought a prior suit against defendants regarding this matter. In that earlier matter, this Court affirmed the trial court's denial of plaintiffs' request for a writ of mandamus on the ground that plaintiffs had failed to exhaust their administrative remedies. Unpublished memorandum opinion, issued May 18, 2001 (Docket No. 224167). This Court's prior decision did not reach the merits of the zoning dispute at issue, and

tiffs sought a declaratory judgment that the property at issue is zoned for commercial use, mandamus relief, and damages for the unlawful taking of their property based on defendants' preventing them from using their property consistent with commercial zoning. Plaintiffs moved for partial summary disposition on the basis that the Wells Township zoning governed the property. Defendants also moved for summary disposition, asserting in part that Delta County has zoning authority over plaintiffs' property.

Following a bench trial in the matter, the trial court issued written findings of fact and conclusions of law specifically noting that the Wells Township zoning ordinance had not been "overtly repealed . . . ." The trial court found that there had been a period of over fifteen years of public acquiescence on Delta County's zoning map and designations. The trial court stated, "Public policy intercedes when there has been reliance on a particular zoning ordinance and map for a substantial period . . . ." Accordingly, the trial court stated, "The 15 years of public reliance on Delta's zoning maps cannot be disturbed and any attack on that usage is precluded on public policy grounds." Ultimately, the trial court stated, "Whatever the origin of the confusion or its consequences, there has been lengthy a [sic] period of public acquiescence and reliance on Delta's zoning maps and zoning designations within Wells Township, and that, as a matter of law, the Plaintiffs' property is presently zoned as R-1" (residential use).

In sum, the trial court concluded that Delta County's zoning ordinance should control on the basis of public policy grounds because it had generally been applied as

defendants do not argue, and the trial court in the present case did not indicate that this Court's prior decision has preclusive effect on the merits of the zoning issue.

a practical matter in Wells Township for a lengthy time, particularly over fifteen years. The trial court did not specifically address certain issues pivotal to the resolution of this case, including whether the township zoning ordinance was validly adopted and whether the status of the improperly created township planning commission is material to the validity of the township zoning ordinances.

Given the undisputed facts, the sole question before us is whether the trial court erred by determining that plaintiffs' property was zoned for residential use under the Delta County zoning ordinance.

ANALYSIS

Resolution of the issue turns on application of controlling law to undisputed facts. Questions of law are reviewed de novo. *Brown v Loveman*, 260 Mich App 576, 591; 680 NW2d 432 (2004).

I

Part of the County Zoning Act, MCL 125.201, generally provides a county with zoning authority over portions of the county "outside the limits of cities and villages . . . ." However, MCL 125.239 provides, "A township in which an ordinance enacted under the township zoning act, [MCL 125.271 to MCL 125.310], is in effect is not subject, unless otherwise provided in this act, to an ordinance, rule, or regulation adopted under this act."

In general, county zoning ordinances are inapplicable to townships in which a validly enacted township zoning ordinance is in effect under the Township Zoning Act.

MCL 125.271 provides in part that "[t]he township board of an organized township in this state may

provide by zoning ordinance for the regulation of land development and the establishment of districts in the portions of the township outside the limits of cities and villages . . . ."[3] MCL 125.298 provides:

> Insofar as the provisions of any ordinance lawfully adopted under the provisions of this act are inconsistent with the provisions of ordinances adopted under any other law, the provisions of ordinances adopted under the provisions of this act, unless otherwise provided in this act, shall be controlling.

This further reinforces that county zoning ordinances generally cannot override valid township zoning ordinances. Importantly, the parties have not cited any provision of state law under which the residential zoning of plaintiffs' property provided by the Delta County zoning ordinance would override the commercial zoning provided by the Wells Township zoning ordinance if the latter ordinance were validly enacted and remains in force. Accordingly, the critical question requires us to investigate if there is any basis to conclude that the Wells Township zoning ordinance was invalidly adopted or is otherwise no longer in force.

Defendants' main argument attacking the validity of the Wells Township zoning ordinance adopted in 1983 centers on the undisputed fact that the Wells Township Planning Commission was invalidly created in 1980. However, a township is not statutorily required to establish a planning commission. *Sabo v Monroe Twp*, 394 Mich 531, 540; 232 NW2d 584 (1975), overruled in part on other grounds *Kirk v Tyrone Twp*, 398 Mich 429

---

[3] There is no indication that a city or village is relevant to this case. Also, while plaintiffs seem to emphasize that Wells Township is a charter township, it appears by its plain language that the zoning authority granted by MCL 125.271 extends to all townships, i.e., every "organized township," not merely charter townships.

(1976). Accordingly, the zoning authority granted to a township board by MCL 125.271 is not contingent on the existence of a validly created planning commission. See *Sabo, supra* at 538-541 (discussing the existence of township zoning authority even in the absence of a master plan developed by a township planning commission). By application, any invalidity in the creation of the Wells Township Planning Commission in 1980 does not affect the validity of the Wells Township zoning ordinance. Rather, the township board could — and did — adopt a zoning ordinance under the plain language of MCL 125.271, even in the absence of a validly created township planning commission. The establishment of a planning commission is a permissive act, "The township board of any township may create, by resolution, a township planning commission . . . ." MCL 125.323(1). It is only the permissive act of creating a planning commission that is subject to notice and referendum, and not the enactment of a zoning ordinance pursuant to MCL 125.271 as argued by defendants. Defendants failed to establish a record basis to question the validity of the adoption of the township zoning ordinance in 1983.

Assuming that an invalidly created township planning commission played some role in formulating the Wells Township zoning ordinance or even drafted the proposed ordinance, such action is immaterial because the ordinance was not adopted by that commission, but rather by the township board.[4] To illustrate the point further, members of the public are obviously free to

---

[4] For this reason, defendants' arguments that the Wells Township Board delegated its legislative authority to the invalid planning commission with regard to the adoption of the township zoning ordinance are simply illogical. There was no delegation of legislative authority by the township board in the adoption of the Wells Township zoning ordinance because the township board itself adopted the ordinance.

present a draft of a proposed ordinance to a township board and to suggest that it be adopted. If the township board follows such a suggestion from a group of residents and adopts the ordinance they propose, the legally significant act is clearly the adoption of the ordinance by the township board, not the actions of the residents that led to it. Similarly, we do not see any basis to assign legal significance to the participation of an invalidly created planning commission in the adoption of a township zoning ordinance because, to the extent that the members of the invalid planning commission proposed the ordinance to the township board, their mere proposal was legally insignificant. Rather, consciously or not, the members of the invalid planning commission were merely acting as members of the public in proposing an ordinance to the township board with the legally significant act being the adoption of the ordinance by the township board.[5]

It is uncontested that the Wells Township Board never formally repealed the zoning ordinance it enacted in 1983. Indeed, defendants do not argue that the township zoning ordinance was ever repealed, only that it was not validly adopted (or alternatively, as discussed below, that it should be disregarded for public policy reasons). Nevertheless, Wells Township sent a letter to Delta County "requesting that Wells Township be included in the Delta County Planning and Zoning as of

---

[5] The evident misapprehension of the Wells Township Board regarding the validity of the creation of the planning commission in 1980 does not provide a legal basis to undermine the validity of the township zoning ordinance. It is readily apparent that members of public bodies such as a township board or a legislature may act on the basis of an incorrect view of certain legal or factual matters. No legal doctrine has been advanced that would allow legal or factual uncertainty to be a basis to set aside an enacted ordinance or statute. Further, any such rule would seem to invite chaos because public bodies must often act on matters about which the relevant law may be unsettled or factual matters may be disputed.

this date." The township board's intent was to discontinue active involvement in zoning by the township government in Wells Township and to leave zoning administration to the county.[6] While defendants argue that the township letter requesting county zoning involvement be considered to have included intent to discontinue application of the township zoning ordinance, the motion adopted by the township trustees at their meeting of August 13, 1986, was to "accept the letter to transfer the planning commission to the County."

The passage of the motion to request a transfer of planning commission activities and the act of sending the corresponding letter to Delta County cannot reasonably be considered to have repealed the Wells Township zoning ordinance. Those steps did not constitute a legislative act by the township board to repeal the zoning ordinance; rather, they merely constituted a request by the township board to the county to take certain action, namely, transferring administration of the township's zoning ordinance to the county. See MCL 42.18. Only subsequent legislative acts by a township board could either expressly or implicitly repeal a prior ordinance. See *Donajkowski v Alpena Power Co*, 460 Mich 243, 253; 596 NW2d 574 (1999) (repeal of a statute may be inferred where a subsequent legislative

---

[6] Pursuant to MCL 42.18, governmental entities can make agreements between and among themselves for the operation of government, including zoning. *Nicholas v Clinton Co Bd of Comm'rs*, 43 Mich App 527; 204 NW2d 351 (1972). MCL 42.18 provides:

Each charter township may join with any governmental unit or agency, or with any number or combination thereof, by contract or otherwise as may be permitted by law, to perform jointly, or by one or more, for or on behalf of the other or others, any power or duty which is permitted to be so performed by law or which is possessed or imposed upon each such governmental unit or agency.

act "conflicts with a prior act" or "is intended to occupy the entire field covered by a prior enactment"). Clearly, the Wells Township Board did not undertake a legislative act, such as passing an ordinance or resolution, in making the transfer request.

Further, the repeal of an enactment by implication is disfavored, and "repeal by implication will not be found if any other reasonable construction may be given to the statutes . . . ." *City of Kalamazoo v KTS Industries, Inc*, 263 Mich App 23, 36-37; 687 NW2d 319 (2004). Even if a township board's action in passing a motion to send a letter, viewed in light of the contents of the letter, could possibly effect an implicit repeal of an ordinance, we conclude it did not do so in this case because the request made to Delta County in the relevant letter may reasonably be construed as not reflecting an intent to repeal the Wells Township zoning ordinance. Specifically, the letter requests that Wells Township be included in county planning and zoning "as of this date." This language is reasonably construed as reflecting intent to leave in place zoning decisions taken by the Wells Township Board before that date, including the zoning effected by passage of the township zoning ordinance.

Defendants' assertion that the result of the 1986 vote in Wells Township to reject the creation of a township planning commission also reflected citizen dissatisfaction with a township zoning ordinance may or may not be accurate, but it is nonetheless immaterial. As discussed above, the Wells Township Board had authority under MCL 125.271 and *Sabo* to enact a zoning ordinance in 1983. There is no reasonable way that a vote by the Wells Township electorate in 1986 to reject the creation of a planning commission can be considered to have legally repealed the 1983 zoning ordinance when

the existence of a valid planning commission is not a prerequisite to the enactment of a zoning ordinance. Also, MCL 125.271 grants zoning authority to a township board regardless of whether the residents of a township desire their township board to have that authority.

II

In furtherance of its opinion, the trial court stated, "It would be contrary to case law and public policy to now require Delta County's application of the aborted Wells zoning within Wells Township, and to Plaintiffs' property in particular. The 15 years of public reliance on Delta's zoning maps cannot be disturbed and any attack on that usage is precluded on public policy grounds." The trial court cited four decisions of this Court in support of its public policy rationale for concluding that Delta County's zoning maps, rather than the township zoning ordinance, should control zoning in Wells Township.

These cases, however, all involved statements by this Court in the context of recognizing that public policy precludes challenges to zoning ordinances as having been improperly enacted when the challenges are made long after the ordinances were enacted. *City of Jackson v Thompson-McCully Co, LLC*, 239 Mich App 482, 493-494; 608 NW2d 531 (2000); *Richmond Twp v Erbes*, 195 Mich App 210, 217-218; 489 NW2d 504 (1992), overruled in part on other grounds *Bechtold v Morris*, 443 Mich 105 (1993); *Edel v Filer Twp*, 49 Mich App 210, 214-216; 211 NW2d 547 (1973); *Northville Area Non-Profit Housing Corp v Walled Lake*, 43 Mich App 424, 434-436; 204 NW2d 274 (1972). This principle does not support the trial court's conclusion because plaintiffs did not claim that any zoning ordinance was invalid

because it was improperly enacted. Rather, plaintiffs' position is based on their assertion that their property is zoned for commercial use under the validly enacted township zoning ordinance. Indeed, the principle that zoning ordinances cannot be challenged as invalidly enacted beyond a lengthy time after their enactment actually militates against these defendants' effort to attack the validity of the enactment of the township zoning ordinance and, accordingly, is in support of plaintiffs' reliance on that ordinance.

III

Although Delta County has properly assumed general responsibility for zoning administration in Wells Township pursuant to MCL 42.18 and *Nicholas,* the current configuration has precipitated an uncertain zoning environment in the township. The township might consider possible remedial action. Wells Township could create the structures required by the township zoning act for a township that has a township zoning ordinance, it could formalize an administrative agreement with the county to enforce its own ordinances, or it could expressly and formally repeal its township zoning ordinance, thereby empowering Delta County to administer the county zoning ordinance in Wells Township.

CONCLUSION

We conclude that the trial court erred by holding that the property at issue is zoned for residential use under the Delta County zoning ordinance. Rather, under controlling state law, particularly the County Zoning Act and the Township Zoning Act, the commercial zoning status provided by the Wells Township zoning ordinance governs the property at issue. In this regard, any

invalidity in the Wells Township Planning Commission in existence at the time the township zoning ordinance was enacted is immaterial to the validity of that ordinance. Further, the trial court's public policy rationale does not provide an appropriate legal basis for failing to apply the township zoning ordinance as required by state law.

We reverse the trial court's determination of the zoning classification of the property as R-1, residential, and the dismissal of the remaining counts as predicated on the trial court's zoning determination. We remand for entry of a declaratory judgment investing the property with a zoning classification of C-1, commercial, and for further proceedings consistent with this opinion on the balance of plaintiffs' complaint. We do not retain jurisdiction.