KACZYNSKI v ANDERSON

Docket No. 268529. Submitted December 12, 2006, at Lansing. Decided
January 25, 2007, at 9:20 a.m. Vacated in part. 274 Mich App 801.

Tally Kaczynski, as personal representative of the estate of Marilyn
Holtrey, deceased, brought a medical malpractice action in the
Grand Traverse Circuit Court against Peggy Anderson, who was
the decedent's family physician. With the complaint, the plaintiff
filed an affidavit of merit from a Florida physician, which a Florida
notary public had notarized. A certificate from the Florida Secre-
tary of State attesting the notary's status and good standing also
accompanied the affidavit. The defendant moved for summary
disposition. The court, Thomas G. Power, J., granted the motion,
concluding that the affidavit of merit lacked the proper certifica-
tion of the out-of-state notary public required by *Apsey v Mem
Hosp (On Reconsideration)*, 266 Mich App 666 (2005). The plaintiff
appealed.

The Court of Appeals *held*:

*Apsey* required the trial court to grant summary disposition for
the defendant. The affidavit did not satisfy the requirement set
forth in *Apsey* that an out-of-state notary public's signature be
certified by the clerk of a court of record in the county where the
affidavit was taken, under the seal of that court. MCR 7.215(J)
bound the panel to follow *Apsey*. However, the panel disagreed
with the *Apsey* holding, which was grounded on the requirements
of MCL 600.2102(4). Were it not constrained to follow *Apsey*, the
panel would conclude that the affidavit was sufficient under the
Uniform Recognition of Acknowledgments Act (URAA), MCL
565.261 *et seq.*, and would reverse. The URAA, read in *pari
materia* with MCL 600.2102, provides an alternative method of
validating out-of-state notarial acts. Under MCL 565.263, the
signature, rank or title, and serial number, if any, of the out-of-
state notary are sufficient proof under the URAA of the notary's
authority to perform notarial acts. Further proof of authority is
not required.

Affirmed.

*Robert J. Riley* for the plaintiff.

*Bigler, Berry, Johnston, Sztykiel & Hunt, P.C.* (by *Steven C. Berry, Mary Jo Boerman,* and *Christopher S. Berry*), for the defendant.

Before: SERVITTO, P.J., and FITZGERALD and TALBOT, JJ.

FITZGERALD, J. In this medical malpractice action, plaintiff appeals as of right the circuit court order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(8). We affirm because we are required by MCR 7.215(J)(1) to follow the holding in *Apsey v Mem Hosp (On Reconsideration),* 266 Mich App 666; 702 NW2d 870 (2005), lv pending,[1] that the special certification required by MCL 600.2102(4) to authenticate the credentials of an out-of-state notary public must accompany an affidavit of merit to initiate a valid medical malpractice action and toll the limitations period. In accordance with MCR 7.215(J)(2), we disagree with the decision in *Apsey* and follow it only because we are required to do so. We declare a conflict with *Apsey,* and, if not bound by this precedent, we would hold that the signature, rank or title, and serial number, if any, are sufficient proof of the authority of a notary public to perform notarial acts under MCL 565.263 and that further proof of authority is not required to authenticate the credentials of an out-of-state notary public.

A. FACTS AND PROCEDURAL HISTORY

Plaintiff's decedent died of a heart condition on July 20, 2003. Plaintiff, acting as the decedent's personal representative, commenced this medical malpractice

---

[1] On November 1, 2006, the Supreme Court held arguments on "whether to grant the applications [for leave to appeal and cross-appeal] or take other peremptory relief." See 474 Mich 1135 (2006).

action against defendant, the decedent's family physician, on July 13, 2005. When filing the complaint, plaintiff included an affidavit of merit from a Florida physician. MCL 600.2912d. A Florida notary public notarized the affidavit of merit. A certificate from the Florida Secretary of State attesting the notary's status and good standing accompanied the affidavit of merit. Defendant moved for summary disposition, arguing that the affidavit of merit was invalid because it did not contain the court certification required by MCL 600.2102(4) for the out-of-state notary. Citing *Apsey,* the trial court granted summary disposition on the ground that plaintiff's affidavit of merit was deficient for want of proper certification of the out-of-state notary public who notarized that instrument. The trial court did not address defendant's remaining arguments offered in support of her motion for summary disposition.

### B. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition under MCR 2.116(C)(8). *Adair v Michigan,* 470 Mich 105, 119; 680 NW2d 386 (2004). We also review de novo questions of statutory interpretation and questions of law relating to the sufficiency of an affidavit of merit. See *McElhaney v Harper-Hutzel Hosp,* 269 Mich App 488, 490 n 1; 711 NW2d 795 (2006).

### C. ANALYSIS

MCL 600.2912d(1) requires that a medical malpractice claim be supported by an "affidavit of merit signed by a health professional" with expertise in the area in question. Plaintiff provided such an affidavit, originating in Florida and bearing the signature and seal of a Florida notary public. Accompanying the affidavit was a

certificate from the Florida Secretary of State attesting that notary's status and good standing.[2] The issue presented here is whether the out-of-state affidavit of merit need only be signed by a notary public or whether it must be accompanied by court certification setting forth the notary's authority.

This state adopted the Uniform Recognition of Acknowledgements Act (URAA), MCL 565.261 *et seq.,* in 1969. "Notarial acts" are defined therein as "acts that the laws of this state authorize notaries public of this state to perform, including . . . taking proof of . . . acknowledgements of instruments, and attesting documents." MCL 565.262(a). MCL 565.262(a)(*i*) provides that notarial acts performed in a foreign state may function in this state as if performed by a Michigan notary public if performed by "[a] notary public authorized to perform notarial acts in the place in which the act is performed." MCL 565.263(1) then provides as follows:

> If the notarial act is performed by any of the persons described in subdivisions (a) to (d) of section 2, other than a person authorized to perform notarial acts by the laws or regulations of a foreign country, the signature, rank or title and serial number, if any, of the person are sufficient proof of the authority of a holder of that rank or title to perform the act. Further proof of his authority is not required.

MCL 565.263(4) adds that the "signature and title of the person performing the act are prima facie evidence that he is a person with the designated title and that the signature is genuine."

MCL 600.2102 states, "[W]here by law the affidavit of any person residing in another state . . . is required,

---

or may be received in judicial proceedings in this state, to entitle the same to be read, it must be authenticated . . . ." Subsection 4 of that statute specifies that an affidavit taken in a sister state "may be taken before . . . any notary public . . . authorized by the laws of such state to administer oaths therein," adding that "[t]he signature of such notary public . . . shall be certified by the clerk of any court of record in the county where such affidavit shall be taken, under the seal of said court." MCL 600.2102(4).

In *Apsey*, the plaintiffs' complaint was accompanied by an affidavit of merit prepared in Pennsylvania, using a notary public of that state. A notarial seal appeared on the document, but the plaintiffs provided no special certification to authenticate the credentials of the out-of-state notary public. *Apsey, supra* at 669. The trial court found that the failure to provide the special certification was fatal to the notarization and that the affidavit was a nullity. *Id.* On appeal, a panel of this Court[3] noted that the URAA expressly declared that an additional certification of the notary's authority is not required and that

> [i]f the present inquiry were to be decided on the basis of the URAA, the notarization of the affidavit in question would indisputably be valid. Plaintiffs' affidavit of merit bears the signature and notary seal of a Pennsylvania notary public. That status in another state carries over to this state, and the signature and title are prima facie evidence of authenticity. MCL 565.263(4). [*Id.* at 672.]

The Court noted, however, that "the signature and the notary seal do not satisfy the requirements set forth in MCL 600.2102(4)" and that the question for the Court to decide was whether the URAA, which specifies that no additional certification is necessary, affects MCL

---

[3] CAVANAGH, P.J., dissented.

600.2102, which requires such certification. *Id.* at 672. The Court concluded that the two statutes could be harmonized as follows:

> The URAA provides in pertinent part, "Nothing in this act diminishes or invalidates the recognition accorded to notarial acts by other laws of this state." MCL 565.268. The Legislature is charged with knowledge of existing laws on the same subject and is presumed to have considered the effect of new laws on all existing laws. *Walen v Dep't of Corrections*, 443 Mich 240, 248; 505 NW2d 519 (1993); *Kalamazoo v KTS Industries, Inc*, 263 Mich App 23, 34; 687 NW2d 319 (2004). MCL 600.2102 is a law of this state that requires more specific recognition requirements for notarial acts authenticating an affidavit of a person residing in another state that is received in judicial proceedings; i.e., it requires that the signature of a notary public on an affidavit taken out of state "be certified by the clerk of any court of record in the county where such affidavit shall be taken, under seal of said court." As such, the URAA, enacted after MCL 600.2102, does not diminish or invalidate the more specific and more formal requirements of MCR 600.2102. [*Id.* at 675-676.]

This Court concluded that the more specific requirements of MCL 600.2102 control over the general requirements of MCL 565.262. *Id.* at 676. "In other words, MCL 565.262 governs notarial acts, including the execution of affidavits, in general, to which MCL 600.2102 adds a special certification requirement[4] when the affidavit is to be read, meaning officially received and considered, by the judiciary." *Id.* Thus, the

---

[4] The Court had previously noted that MCL 600.2102(4) specifies that an affidavit taken in a sister state " 'shall be certified by the clerk of any court of record in the county where such affidavit shall be taken, under the seal of said court.' " *Apsey, supra* at 671, 675, quoting the statute. Thus, it is apparent that the Court's subsequent references to a "special certification requirement" were to the requirement that the signature of an out-of-state notary public on an affidavit to be read by the court be certified *by a court.*

panel concluded that an affidavit of merit signed outside the state of Michigan is defective unless the authority of the notary is subject to an additional certification.

Here, although plaintiff's expert's affidavit was noarized by a notary public who was certified by the Florida Secretary of State, the affidavit does not satisfy the requirement that the signature of a sister state's notary public be certified " 'by the clerk of any court of record in the county where such affidavit shall be taken, under the seal of said court.' "[5] *Id.* at 671, 675, quoting MCL 600.2102(4). Because the period of limitations expired before plaintiff came into compliance by filing an affidavit with the proper court certification, *Apsey* required that the court grant summary disposition in favor of defendant.

### D. CONFLICT WITH *APSEY*

We disagree, however, with the *Apsey* holding. Were we not bound by *Apsey*, we would hold that the affidavit of merit filed in this case, which was signed by a Florida notary whose authority was additionally certified by the Florida Secretary of State,[6] was sufficient and effective on its face.

Both MCL 600.2102 and the URAA, particularly MCL 565.263, relate to authentication and have the

---

[5] Plaintiff argues that Florida does not authorize its courts to provide such certification, but instead entrusts that responsibility to its Secretary of State. *Apsey* seems to have disparaged this type of argument, stating, "To the extent plaintiff and amici curiae raise further arguments regarding the certification process being outdated, potentially impossible in some states, etc., these questions are best left for the Legislature." *Apsey, supra* at 683.

[6] As discussed earlier, under the URAA the additional certification is not required. However, the additional certification in this case certainly furthers the goal of verifying the authenticity of the notarial act.

same general purpose of verifying the authenticity of notarial acts. MCL 600.2102(4), effective in 1963, states that "[t]he signature of such notary public . . . and the fact that at the time of the taking of such affidavit the person before whom the same was taken was such notary public . . . shall be certified by the clerk of any court of record in the county where such affidavit shall be taken . . . ." The pertinent text of the statute has remained virtually unchanged since at least 1915. See *In re Alston's Estate*, 229 Mich 478, 481; 201 NW 460 (1924), citing 1915 CL 12502. But under the URAA, effective in 1970, a notarial act performed by a notary public authorized under the laws by which he or she acts is authenticated by "the signature, rank or title and serial number, if any," of the notary public, and "[f]urther proof of . . . authority is not required." MCL 565.263(1).

MCL 600.2102 and the URAA are harmonious and should be read *in pari materia*. The subsequently enacted URAA explicitly states in MCL 565.28, "This act provides an *additional* method of proving notarial acts." (Emphasis added.) Before the enactment of the URAA, MCL 600.2102(4) was the only statutory provision addressing out-of-state affidavits attested by notaries public. But when it enacted the URAA, the Legislature explicitly stated that it was providing an additional method of proving notarial acts. There is no conflict between the URAA and MCL 600.2102(4) because an affidavit is valid if it satisfies either statute.

But for *Apsey*, we would conclude that the URAA provides an alternative method for validating notarial acts and that both the URAA and MCL 600.2102 are valid methods for validating out-of-state notarial acts. Plaintiff's affidavit of merit contained the signature and notary seal of a Florida notary public. That status

in Florida carries over to this state, and the signature and title are sufficient proof under the URAA of the notary public's authority to perform the notarial act. Thus, this panel would reverse the order granting summary disposition in favor of defendant if we were not compelled by *Apsey* to affirm. MCR 7.215(J)(1).

Affirmed.