WHITE v BARBARA ANN KARMANOS CANCER INSTITUTE
(ON RECONSIDERATION)

Docket No. 270320. Submitted June 25, 2007, at Lansing. Decided July 3, 2007, at 9:20 a.m.

Wayne E. and Janet D. White brought an action in the Wayne Circuit Court against the Barbara Ann Karmanos Cancer Institute and David S. Eilender, M.D., alleging malpractice with regard to medical treatment provided to Wayne White. The plaintiffs sent the defendants a notice of intent to file a medical malpractice claim and thereafter filed their initial complaint, attaching an affidavit of merit signed in the state of New York and notarized by a New York notary public; however, the affidavit was not certified as required by MCL 600.2102(4) until after the period of limitations expired. The affidavit otherwise satisfied the requirements of proving notarial acts set forth in the Michigan Uniform Recognition of Acknowledgments Act (URAA), MCL 565.261 *et seq.* The trial court, Susan D. Borman, J., granted the defendants' motion for summary disposition based on the expiration of the period of limitations. The Court of Appeals, DAVIS and O'CONNELL, JJ. (METER, P.J., concurring in the result), affirmed on the basis that the Court was required by MCR 7.215(J)(1) to follow *Apsey v Mem Hosp (On Reconsideration)*, 266 Mich App 666 (2005), which held that the requirements of the URAA were unavailable for out-of-state affidavits of merit in medical malpractice actions. The Court of Appeals stated that *Apsey* had been wrongly decided and declared a conflict pursuant to MCR 7.215(J)(2). 274 Mich App 801 (2007). After a special panel was convened to resolve the conflict, the Supreme Court reversed *Apsey*, holding that the URAA and MCL 600.2102 provide alternative, coequal methods for authenticating out-of-state affidavits. *Apsey v Mem Hosp*, 477 Mich 120 (2007). Because this resolved the conflict, the conflict panel returned the matter to the original panel for further consideration and the original panel, on its own motion, granted reconsideration.

On reconsideration, the Court of Appeals *held*:

For the reasons set forth in the Court's prior opinion and the Supreme Court's opinion in *Apsey*, the order of summary disposi-

tion must be reversed and the matter must be remanded for further proceedings because the trial court's grant of summary disposition was erroneous.

Reversed and remanded.

NEGLIGENCE — MEDICAL MALPRACTICE — AFFIDAVITS OF MERIT — NOTARIZATION.

The methods for authenticating out-of-state affidavits provided in the Revised Judicature Act and in the Michigan Uniform Recognition of Acknowledgements Act are alternative, coequal means for such authentication, and a party may use either method to validate an affidavit (MCL 565.261 *et seq.*; MCL 600.2102[4]).

*Mark Granzotto, P.C.* (by *Mark Granzotto*), and *Gary B. Perkins, P.C.* (by *Gary B. Perkins*), for the plaintiffs.

*Tanoury, Corbet, Shaw, Nauts & Essad, P.L.L.C.* (by *Linda M. Garbarino, Anita Comorski,* and *Eric G. Tucciarone*), for the defendants.

Amici Curiae:

*Olsman Mueller, P.C.* (by *Jules B. Olsman* and *Donna M. Mackenzie*), for Citizens for Better Care.

*Timothy Reiniger* and *Michael Closen* and *The Googasian Firm, P.C.* (by *Dean M. Googasian*), for the National Notary Association.

*The Googasian Firm, P.C.* (by *George A. Googasian* and *Dean M. Googasian*), for the State Bar of Michigan.

*David R. Parker* for the State Bar of Michigan Negligence Section.

Before: METER, P.J., and O'CONNELL and DAVIS, JJ.

PER CURIAM. Plaintiffs appeal as of right the trial court's order granting defendants' motions for summary disposition based on the expiration of the period of limitations. We reverse and remand.

The affidavit of merit in this case was notarized by an out-of-state notary, and it lacked the certification required by MCL 600.2102(4) at the time the relevant limitations period expired. However, the affidavit of merit otherwise satisfied the requirements of the alternative method of proving notarial acts set forth in Michigan's Uniform Recognition of Acknowledgments Act (URAA), MCL 565.261 *et seq.* In our prior opinion, *White v Barbara Ann Karmanos Cancer Institute*, 274 Mich App 801 (2007), we affirmed because we were obligated to do so by this Court's earlier decision in *Apsey v Mem Hosp (On Reconsideration)*, 266 Mich App 666; 702 NW2d 870 (2005). In *Apsey*, this Court held that the requirements in the URAA were unavailable for out-of-state affidavits of merit used in medical malpractice cases. A majority of this panel concluded that *Apsey* had been wrongly decided, and we declared a conflict pursuant to MCR 7.215(J)(2).

A special conflict panel was convened pursuant to MCR 7.215(J)(3). While the conflict panel was pending, our Supreme Court reversed this Court's decision in *Apsey* and held that the URAA and MCL 600.2102 provide alternative methods for using out-of-state affidavits. *Apsey v Mem Hosp*, 477 Mich 120; 730 NW2d 695 (2007). Because this resolved the conflict, the conflict panel, under MCR 7.215(J)(5), returned this case to us for further consideration in light of our Supreme Court's decision in *Apsey*.

On our own motion, we now grant reconsideration. For the reasons set forth in our prior opinion in this case and in our Supreme Court's recent decision in *Apsey*, we reverse and remand for further proceedings. The trial court granted summary disposition on the ground that the affidavit of merit was a nullity at the time the limitations period expired. Because the affida-

vit of merit satisfied the requirements of the URAA, it was not a nullity. The trial court's grant of summary disposition was therefore erroneous.

Reversed and remanded. We do not retain jurisdiction.