KACZYNSKI v ANDERSON (ON RECONSIDERATION)

Docket No. 268529. Submitted June 25, 2007, at Lansing. Decided July 26, 2007, at 9:15 a.m.

Tally Kaczynski, as personal representative of the estate of Marilyn Holtrey, deceased, brought a medical malpractice action in the Grand Traverse Circuit Court against Peggy Anderson, D.O. With the complaint, the plaintiff filed an affidavit of merit from a Florida physician that was notarized by a Florida notary public. The affidavit lacked the certification required by MCL 600.2102(4) but otherwise satisfied the requirements of proving notarial acts set forth in the Michigan Uniform Recognition of Acknowledgements Act (URAA), MCL 565. 261 *et seq.* The court, Thomas G. Power, J., granted the defendant's motion for summary disposition on the ground that the affidavit was deficient. The trial court's holding was based on the holding in *Apsey v Mem Hosp (On Reconsideration)*, 266 Mich App 666 (2005), which held that the requirements in the URAA were unavailable for out-of-state affidavits used in medical malpractice actions. The Court of Appeals, SERVITTO, P.J., and FITZGERALD and TALBOT, JJ., affirmed on the basis that it was required by MCR 7.215(J)(1) to follow *Apsey*. The Court of Appeals stated that *Apsey* had been wrongly decided and declared a conflict pursuant to MCR 7.215(J)(2). 274 Mich App 49 (2007). The Court of Appeals ordered that a special conflict panel be convened pursuant to MCR 7.215(J)(3) and vacated those parts of the Court of Appeals opinion that addressed the out-of-state requirements for an affidavit of merit. 474 Mich App 801 (2007). While the matter was pending before the conflict panel, the Supreme Court reversed *Apsey*, holding that the URAA and MCL 600.2102 provide alternative, coequal methods of authenticating out-of-state affidavits. *Apsey v Mem Hosp*, 477 Mich 120 (2007). Because this resolved the conflict, the conflict panel returned the matter to the original panel for further consideration and the original panel, on its own motion, granted reconsideration.

On reconsideration, the Court of Appeals *held*:

For the reasons set forth in the Court's prior opinion and the Supreme Court's opinion in *Apsey*, the order of summary disposi-

tion must be reversed and the matter must be remanded for further proceedings because the trial court's grant of summary disposition was erroneous.

Reversed and remanded.

NEGLIGENCE — MEDICAL MALPRACTICE — AFFIDAVITS OF MERIT — NOTARIZATION.

The methods for authenticating out-of-state affidavits provided in the Revised Judicature Act and in the Michigan Uniform Recognition of Acknowledgments Act are alternative, coequal means for such authentication, and a party may use either method to validate an affidavit (MCL 565.261 *et seq*.; MCL 600.2102[4]).

*Robert J. Riley* for the defendant.

*Bigler, Berry, Johnston, Sztykiel & Hunt, P.C.* (by *Steven C. Berry, Mary Jo Boerman*, and *Christopher S. Berry*), for the defendant.

Amici Curiae:

*Timothy Reiniger*, and *Michael Closen*, and *The Googasian Firm, P.C.* (by *Dean M. Googasian*), for the National Notary Association.

*The Googasian Firm, P.C.* (by *George A. Googasian* and *Dean M. Googasian*), for the State Bar of Michigan.

*Charfoos & Christensen, P.C.* (by *David R. Parker*), for the State Bar of Michigan Negligence Section.

*Charfoos & Christensen, P.C.* (by *David R. Parker*), and *Shermeta & Adams, P.C.* (by *Barbara L. Adams*), for the Michigan Creditors Bar Association.

ON RECONSIDERATION

Before: SERVITTO, P.J., and FITZGERALD and TALBOT, JJ.

PER CURIAM. In this medical malpractice action, plaintiff appeals as of right the circuit court order granting

defendant's motion for summary disposition pursuant to MCR 2.116(C)(8) on the ground that plaintiff's affidavit of merit was deficient for want of proper certification of the out-of-state notary public who notarized the instrument. We reverse and remand.

The affidavit of merit in this case was notarized by a Florida notary and was accompanied by a certificate from the Florida Secretary of State attesting the notary's status and good standing, but it lacked the certification required by MCL 600.2102(4). However, the affidavit of merit otherwise satisfied the requirements of the alternative method of proving notarial acts set forth in Michigan's Uniform Recognition of Acknowledgements Act (URAA), MCL 565.261 *et seq.* In our previous opinion, *Kaczynski v Anderson,* 274 Mich App 49; 731 NW2d 442 (2007), we affirmed because we were required by MCR 7.215(J)(1) to follow this Court's decision in *Apsey v Mem Hosp (On Reconsideration),* 266 Mich App 666; 702 NW2d 870 (2005). In *Apsey,* this Court had held that the requirements in the URAA were unavailable for out-of-state affidavits used in medical malpractice cases. This panel concluded that *Apsey* had been wrongly decided, and we declared a conflict pursuant to MCR 7.215(J)(2).

This Court ordered that a special conflict panel be convened pursuant to MCR 7.215(J)(3) and vacated those parts of our prior opinion that addressed the out-of-state requirements for an affidavit of merit. 474 Mich App 801 (2007). While the matter was pending before the conflict panel, our Supreme Court reversed this Court's decision in *Apsey* and held that the URAA and MCL 600.2102 provide alternative, coequal methods for using out-of-state affidavits. *Apsey v Mem Hosp,* 477 Mich 120; 730 NW2d 695 (2007). Because this resolved the conflict, the conflict panel, under MCL

7.215(J)(5), returned this case to us for further consideration in light of our Supreme Court's decision in *Apsey.*

On our own motion, we now grant reconsideration. For the reasons set forth in our prior opinion in this case and in our Supreme Court's recent decision in *Apsey,* we reverse and remand for further proceedings. The trial court granted summary disposition on the ground that the affidavit of merit was deficient. Because the affidavit of merit satisfied the requirements of the URAA, it was not deficient. The trial court's grant of summary disposition was therefore erroneous.

Reversed and remanded. Jurisdiction is not retained.